# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

JANE DOE,

                **Plaintiff,**

v.

PHILIP GOLIGHTLY,
and UNITED STATES OF
AMERICA,

                **Defendants.**

**Civil No. 4:21-cv-00402-RH-MAF**

**REDACTED VERSION.
[THE EXHIBITS HAVE BEEN
FILED UNDER SEAL PURSUANT
TO THE COURT'S ORDER.]**

## UNITED STATES' MOTION TO
## DISMISS THE COMPLAINT

Defendant, the United States of America, through the undersigned Special

Assistant to the United States Attorney General, respectfully requests that the

Court dismiss the Plaintiff Jane Doe's Complaint under Federal Rule of Civil

Procedure (12)(b)(6).  [Doc. 1].

The complaint must be dismissed for three reasons.  First, count one must be

dismissed because the Plaintiff's constitutional tort claim under the Eighth

Amendment is not a cognizable claim against the United States under the Federal

Tort Claims Act (FTCA).  Second, count two must be dismissed because the

Plaintiff's administrative tort claim was untimely and barred by the statute of

limitations.  Third, count two must be dismissed as premature for failure to exhaust

1

administrative remedies to the extent that the allegations are based on the

Plaintiff's second and third tort claims.  The Plaintiff's second and third tort claims

were filed with BOP while the present complaint was pending in district court.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Plaintiff Jane Doe's Complaint

On May 20, 2021, the Plaintiff, a federal inmate, filed the instant complaint

against former United States Bureau of Prisons (BOP) Corrections Officer Phillip

Golightly and the United States.  [Doc. 1].  The Plaintiff claims that Golightly

sexually assaulted her on May 15, 2017, at the Federal Correctional Institution

(FCI) Marianna in Florida while Doe was an inmate there.  [Doc. 1 at pp. 4-5].

The Plaintiff also alleges that Golightly engaged in a sexual act with her on May

15, 2017, May 20, 2017, and again the following week.  [Doc. 1 at p. 5].  The

Plaintiff alleges that Golightly continued to sexually harass her verbally at FCI

Marianna.  [Doc. 1 at p. 5].  The remaining allegations reference additional verbal

sexual harassment at FCI Tallahassee—which is an entirely different BOP

facility—and an instance where Golightly "physically touched her and demanded

that she have sex with him" at FCI Tallahassee in late 2019.  [Doc. 1 at pp. 5-6].

The Plaintiff's complaint consists of two counts.  [Doc. 1].  The first count

seeks relief under the Eighth Amendment against both Golightly and the United

States.  [Doc. 1 at pp. 7-9].  The second count seeks relief under the FTCA against

both Golightly and the United States based on generalized claims of negligence.

[Doc. 1 at pp. 9-13].

**B.   Factual Background of the Plaintiff's Administrative Proceedings and Former *pro se* Civil Complaint**

To understand why this case is ripe for dismissal and to ensure that the Court

has a complete contextual background, the United States provides the following

facts and procedural history of the Plaintiff's multiple administrative proceedings

and previous *pro se* civil complaint filed in this Court on ███████ ██    *See*

████████████████████████████████████████████████████

████████████████.   The Plaintiff's previous *pro se* lawsuit contains many

uniquely phrased allegations which are also repeated in the present complaint

verbatim.   The United States has attached a number of exhibits, designated as

Exhibits 1-7, demonstrating the Plaintiff's improper use of the administrative

proceedings while simultaneously filing lawsuits in this Court.   Because these

procedural considerations are determinative of the Court's jurisdiction, reliance on

the attached does not convert this motion to one for summary judgment. However,

the United States does not oppose treating the motion as such, should the Court so

choose under Rule 12(d).

**i.    The Plaintiff's Prior *pro se* Civil Lawsuit**

According to Local Rule 5.6 of the United States District Court for the

Northern District of Florida,

3

[a] party who files or removes a case must file a notice—and if the party fails to do so any other party with knowledge of the circumstances must file a notice—if:

(A)     a case in this District that includes an identical claim—or a similar claim—between some or all of the same or related parties was previously terminated by any means; or

(B)     the new case involves issues of fact or law in common with the issues in another case pending in the District.

Here, the Plaintiff previously filed a lawsuit, ██████ which includes identical and similar claims between the same parties that was previously terminated by this Court.  Because the Plaintiff has not filed a notice of this previous lawsuit as required by Local Rule 5.6, the United States draws the Court's attention to ██████ to satisfy its obligation under the rule.

On ██████ ██████ the Plaintiff and ██████ ██████ *pro se*, filed a joint complaint against the United States, BOP, the United States Department of Justice, Warden Shannon D. Withers, and Golightly in the United States District Court for the Northern District of Florida, Tallahassee Division.  ██████.  The Plaintiff alleged that she was raped and sexually abused at FCI Marianna in 2017.  [*Id*. at p. 1].  The Plaintiff alleged that she had submitted a claim to the BOP and DOJ on January 31, 2020.  [*Id*. at p. 3].  The Plaintiff also alleged that from April 2017 through March 2018, Golightly sexual assaulted her on several occasions.  [*Id*. at p. 5].  The Plaintiff

also alleged that Golightly demanded sexual favors and verbally harassed her in October 2019.  [*Id*. at p. 5].

The Plaintiff brought four separate counts in the *pro se* complaint: (1) *Biven*'s[1] claim under the Eighth Amendment; (2) negligence against the United States and BOP under the FTCA; (3) assault and battery against Golightly, United States, and BOP; (4) negligent and intentional infliction of emotional distress against Golightly, United States, and BOP. ███████ also lodged a "cause of action" seeking damages ████████████████████████ [*Id*. at pp. 12-16].  The Plaintiff ███████ attached an unsigned affidavit to the complaint dated January 19, 2020, purporting to be from the Plaintiff. ██████████████████

On ████████████ United States Magistrate Judge Hope Thai Cannon found that the Plaintiff ██████ could not proceed jointly as plaintiffs and allowed the Plaintiff to amend the complaint. ████████████ On ███████ ██████ the Plaintiff, individually, filed a "Memorandum of Law and Facts," which was construed as an amended complaint against the United States, BOP, DOJ, and Golightly. ████████████ This amended complaint repeated the same allegations contained in the original *pro se* complaint ████████████████ ██████████████

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

On ▮▮▮▮▮ ▮▮▮▮ Judge Cannon entered an order finding that the

Plaintiff's amended complaint was "deficient because it was not on this Court's

form and was not signed under penalty of perjury." ▮▮▮▮▮▮▮▮▮▮▮▮

▮▮ Judge Cannon unequivocally warned the Plaintiff that

> [t]his Court's form requires plaintiffs to declare, under penalty of
> perjury, that all the information contained in the complaint is true and
> correct.  It also requires plaintiffs to identify their prior litigation
> history, if any. **Plaintiff's amended complaint was not completed on
> the provided form and, thus, is not signed under penalty of perjury
> and does not include Plaintiff's prior litigation history.**  Therefore,
> if Plaintiff wishes to proceed with this action, she **must** file her
> complaint using this Court's form.

[*Id.* at p. 2] (emphasis in original).

On ▮▮▮▮▮▮ the Plaintiff filed a second amended complaint referencing

the allegations set out in her amended complaint. ▮▮▮▮▮▮▮▮▮ On June

17, 2020, Judge Cannon issued a report and recommendation, finding that the

Plaintiff had failed to disclose at least two prior federal actions, one challenging

her underlying conviction and the second relating to the conditions of her

confinement.  [*Id.* at pp. 4-5]  Because the Plaintiff was not truthful, Judge Cannon

entered a report and recommendation that the Plaintiff's case should be dismissed

without prejudice as malicious for her abuse of the judicial process.  [*Id.* at pp. 6-

7].  On ▮▮▮▮▮▮ Chief Judge Mark Walker entered an order accepting the

report and recommendation and dismissed the case without prejudice as malicious

for the Plaintiff's abuse of legal process. ▮▮▮▮▮▮▮▮▮▮

ii.     **First Administrative Tort Claim**

While the Plaintiff was proceeding in this Court on her fraudulent *pro se*

complaint, she ███████ improperly mailed an administrative claim based on the

same allegations set out in the affidavit attached to the *pro se* lawsuit.[2]

Specifically, on or about May 14, 2020,[3] ███████ on behalf of the Plaintiff, mailed

a letter titled "DEMAND LETTER FOR SETTLEMENT AND NOTICE INTENT

TO SUIT" to BOP's Director and Legal Counsel in Washington D.C.  [Exhibit 1 at

p. 1].  On July 27, 2020, the BOP Litigation Branch received the demand letter.

[Exhibit 1 at p. 1].  ███████ identified ███████████████ "representative" for

the Plaintiff.  [Exhibit 1 at p. 1].  ███████ alleged that the Plaintiff was sexually

assaulted by Golightly and sought $5,900,000.00 "for the sexual assault and mental

---

[2]  This administrative claim was improperly filed because it was not filed in accordance with administrative regulations and BOP's directives.  For an administrative *tort* claim to be proper, the Plaintiff should have filed a claim for money damages in a sum certain for the alleged injury on a Standard Form 95 or otherwise in writing with the BOP by mailing or delivering her claim to the regional office in the region of the BOP facility where the loss or injury occurred is located.  *See* 28 C.F.R. § 543.21(c); BOP Program Statement 1320.06.  FCI Marianna is in Florida; therefore, the Plaintiff's tort claim was improper because it was not mailed to the regional office where FCI Marianna is located.  In addition, a "representative may also file a claim for [the claimant] if the person provides a written statement signed by [the claimant] giving that person permission to act for [the claimant]."  28 C.F.R. § 543.31(a).  No written statement signed by the Plaintiff was provided.

[3]  The month is missing from the demand letter; however, it appears the letter was mailed in May 2020 according to the USPS stamp on the envelope.  [Exhibit 1 at pp. 7-8].

anguish that [the Plaintiff] endued *(sic)* at the hands of Officer Golightly."
[Exhibit 1 at p. 1].

An unsigned affidavit dated January 19, 2020, purporting to be from the
Plaintiff, was attached to the demand letter.  [Exhibit 1 at pp. 2-4].  This affidavit's
content was identical to the affidavit that had been attached to the *pro se* lawsuit
described above.  [*Compare* Exhibit 1 ██████████████  According to the
attached affidavit, the Plaintiff was sexually assaulted by Golightly on a day in the
middle of May in 2017, on May 20, 2017, and again once during the following
week.  [Exhibit 1 at pp. 2-3].  The demand letter and affidavit were received by
BOP's Litigation Branch in Washington, D.C. on July 27, 2020, and forwarded to
the BOP's Regional Counsel's office on August 5, 2020.  [Exhibit 1].  This claim
was received by the BOP Southeast Regional Office on November 24, 2020.
[Exhibit 1].  For clarity purposes, the United States will refer to this demand letter
and attached affidavit as the Plaintiff's first tort claim.

### iii.    Separate Request for an Administrative Remedy – Victorville

On January 15, 2021, BOP staff at FCI Victorville received the Plaintiff's
first request for an administrative remedy dated January 13, 2021.  [Exhibit 2].  It
must be noted that a request for an administrative remedy is related to grievances
of conditions of confinement, whereas an administrative tort claim alleges an
injury and loss and asks for damages of a sum certain.  *See Shipman v. United*

*States*, 2016 WL 4992104, at *4 (N.D. Fla. June 6, 2016), *report and recommendation adopted*, 2016 WL 5024224 (N.D. Fla. Sept. 15, 2016) ("The exhaustion procedures under the FTCA and the [Prison Litigation Reform Act] PLRA are separate and distinct.").

In the Plaintiff's request for an administrative remedy, she claimed that she was sexually assaulted by Golightly while she was housed at FCI Marianna and attached an unsigned affidavit dated January 24, 2020.  [Exhibit 2].  This affidavit's content was identical to the affidavit attached to the first tort claim.[4] [*Compare* Exhibit 1 at pp. 2-4 and Exhibit 2 at pp. 18-21].  The Plaintiff's request avers that the attached affidavit "sets forth all of the facts surrounding the incident."  [Exhibit 2 at p. 16].  Without providing a sum certain, the Plaintiff stated that she was "seeking monetary compensation for [her] injuries, and the

---

[4] There are three versions of the affidavit purporting to be from the Plaintiff. Although the format and dates are different, the allegations of the three versions are identical as each one contains the same exact thirty-two paragraphs: (1)  the allegations of the affidavit were set out in the demand letter mailed by ▮▮▮▮ [Exhibit 1 at pp. 2-4]; (2) the affidavit was attached to the Plaintiff's *pro se* complaint ▮▮▮▮▮▮▮▮ (this affidavit was in the format of an email dated January 19, 2020, but the email did not indicate a "to" recipient and was unsigned); and (3) the affidavit was attached to the Plaintiff's administrative remedy request [Exhibit 2 at pp.18-21] (the format of the affidavit was an email without a "to" recipient and was unsigned).  The only difference between the affidavit attached to the administrative remedy request and the one attached to the second tort claim is that the affidavit attached to the administrative remedy request was dated January 24, 2020.  [*Compare* Exhibit 2 at pp. 18-21 and Exhibit 3 at pp. 8-10].

termination of Officer Phillip Golightly (if that has not already taken place)."
[Exhibit 2 at p. 16].

In response to the administrative remedy request, on January 19, 2021, the
Acting Warden A.H. Dulgov acknowledged its receipt.  [Exhibit 2 at p. 14].
Acting Warden Dulgov explained "[r]egarding your request for monetary
compensation, you may submit a tort claim provided you complete the required
steps in the Administrative Remedy process."  [Exhibit 2 at p. 14].  On January 22,
2021, the request for an administrative remedy was closed, and on February 1,
2021, the Plaintiff appealed to the Western Regional Office, which received her
appeal on March 8, 2021.  [Exhibit 2 at p. 13].  The Plaintiff stated that she was
filing a "BP 10" and alleged the same claim as her original request for an
administrative remedy.  [Exhibit 2 at p. 13].  On April 29, 2021, Regional Director
M. Rios responded to the Plaintiff's appeal, advising that her complaint had been
referred to the appropriate authorities for investigation.  [Exhibit 2 at p. 11].  The
Regional Director explained that "[i]n regard to compensation, monetary relief is
not available under the Administrative Remedy Program" and referred the Plaintiff
to resources outlining the procedure to file an administrative tort claim.  [Exhibit 2
at p. 11].

On April 29, 2021, the Regional Office closed the file, and on June 24, 2021,
the Plaintiff appealed to the final level of the Office of General Counsel at BOP's

Central Office, which received her appeal on July 9, 2021. [Exhibit 2 at p. 10]. The Central Office referred the matter to the Office for Internal Affairs and closed the request for an administrative remedy on August 31, 2021. [Exhibit 6 at p. 1 and Exhibit 7 at p. 3]

### iv.    Second Administrative Tort Claim (Filed after the subject lawsuit was filed)

On June 7, 2021, the Plaintiff signed a Standard Form 95 (SF-95)[5] tort claim at FCI Victorville, alleging that Golightly had sexually assaulted and harassed her from April to May of 2017. [Exhibit 3]. The Plaintiff demanded $5,500,000.00 in personal injury damages. [Exhibit 3 at p. 1]. BOP received this SF-95 tort claim on July 13, 2021. [Exhibit 3 at p. 1]. The Plaintiff attached her previously-filed request for an administrative remedy documents to this tort claim. [Exhibit 3 at pp. 3-10]. On July 27, 2021, BOP's Southeast Regional Office denied the claim because her allegations were barred by the two-year statute of limitations. [Exhibit 5]. For clarity, the United States will refer to this SF-95 tort claim as the Plaintiff's second tort claim.

### v.    Third Administrative Tort Claim (Filed after the subject lawsuit was filed)

---

[5]    A Standard Form 95 is the standard form used to file a claim against the government under the FTCA. *Dalrymple v. United States*, 460 F.3d 1318, 1322 n. 3 (11th Cir. 2006) (citing 28 C.F.R. § 14.2(a)).

Meanwhile, on July 7, 2021, the Plaintiff signed another SF-95 tort claim at FCI Victorville, alleging that "Golightly verbally sexually harassed [the Plaintiff in] October of 2019 at FCI-Tallahassee, after he sexually assaulted her from April 2017 to May 2019[6] at [FCI]-Marianna." [Exhibit 4 at p. 1]. The Plaintiff claimed that "Golightly also sexual assaulted [her] by touching her in 2019." [Exhibit 4 at p. 1]. The Plaintiff sought $10,000,000 for this latest tort claim. [Exhibit 4 at p. 1]. On August 25, 2021, the Southeast Regional Counsel's Office received the tort claim. [Exhibit 4 at p. 1]. On September 20, 2021, the Southeast Regional Office responded to the Plaintiff, acknowledging receipt of her tort claim and advised her that it will respond within six months. [Exhibit 6]. To date, BOP has not responded to the Plaintiff's latest tort claim. For clarity, the United States will refer to this latest SF-95 tort claim as the Plaintiff's third tort claim.

## II.  ARGUMENT

### A.  Legal Standards

---

[6] The Plaintiff's SF-95 second tort claim narrative was typed except for a handwritten "9" in "2019" when she alleges that she was sexually assaulted from "April 2017 to May 2019." [Exhibit 4 at p.1]. Notably, the Plaintiff's previous SF-95 described the date and day of the accident occurring from "April 2017 to May 2017." [Exhibit 3 at p.1]. According to the Plaintiff's affidavit, she left FCI Marianna in July 2018 to go to Hawaii on a federal writ and returned to FCI Tallahassee in May 2019. ██████████████ Therefore, according to the Plaintiff, it appears she was not at FCI Marianna beyond July 2018.

"Federal courts are courts of limited jurisdiction[,]" and "[t]hey possess only that power authorized by Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "The FTCA is a specific, congressional exception to the United States' sovereign immunity for tort claims, under which the government may be sued by certain parties under certain circumstances for particular tortious acts committed by employees of the government."  *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008) (internal citations and quotation marks omitted).  "However, this waiver must be scrupulously observed, and not expanded, by the courts."  *Id.*  "Courts are to presume that they lack subject-matter jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Vasquez v. United States*, 2014 WL 7385466, at *1 (M.D. Fla. Dec. 29, 2014) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  A federal court must dismiss a case if it determines that it lacks subject matter jurisdiction.  *Goodman ex rel. Goodman v. Sipos,* 259 F.3d 1327, 1331 n. 6 (11th Cir. 2001).

     **i.**      **Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction**

A defendant may move to dismiss a complaint for lack of subject matter jurisdiction on facial or factual grounds.  *Carmichael v. Kellogg, Brown & Root Services, Inc*., 572 F. 3d 1271, 1279 (11th Cir. 2009).  A facial challenge in concerned "solely on the allegations in the complaint."  *Id*.  A factual challenge,

however, occurs when a defendant alleges a lack of subject matter jurisdiction based on facts presented outside the face of the complaint itself.  *Id*.  When considering a facial challenge, "the court must, as with a Rule 12(b)(6) motion, take the complaint's allegations as true."  *Id*.  To the contrary, in a factual challenge, the court "may consider extrinsic evidence[.]"  *Id.*  When jurisdictional evidence is presented, the court is free to weigh the evidence to satisfy itself, as to whether it has jurisdiction.  *Id*.

In addition, "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies[.]"  *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008) (quoting *McNeil v. United States,* 508 U.S. 106, 113 (1993)). "The FTCA requires that *each* claim and *each* claimant meet the prerequisites for maintaining a suit against the government."  *Dalrymple v. United States*, 460 F.3d 1318, 1325 (11th Cir. 2006) (citing 28 U.S.C. § 2675(a)).  "[E]xhaustion means proper exhaustion, *i.e.*, under the terms of and according to the time set by BOP regulations."  *Lambert v. United States*, 198 F. App'x 835, 840 (11th Cir. 2006) (citing *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (holding that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

14

In considering a motion to dismiss for failure to exhaust administrative remedies, this Court may properly consider facts outside of the pleadings and resolve factual disputes so long as these disputes do not decide the merits, and the parties have sufficient opportunity to develop the record. *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008).

**B.   The Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.**

The Plaintiff has brought numerous claims, administrative actions, and lawsuits in an attempt to sow ambiguity in the hopes that one of her claims might survive scrutiny. The Plaintiff seeks to distance herself from her previous civil action, which was dismissed due to her refusal to be honest with the Court.  Now, the Plaintiff files her action anonymously in a different division of the Court and fails to give the Court a clear picture of her alleged claims.  Further, faced with a statute of limitations bar, the Plaintiff alleges new conduct never seen in her previous filings.  A close review of the Plaintiff's history and her current allegations shows that Plaintiff again misses the mark, and that her Complaint is due to be dismissed.

**i.   Count one must be dismissed as against the United States because a constitutional tort claim is not a cognizable claim against the United States.**

"[It] is well settled that the United States, as a sovereign, is immune from suit unless it has consented to be sued." *Sexton v. United States*, 2014 WL

2834563, at *2 (N.D. Fla. 2014) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).  "In the absence of a cause of action under the FTCA, however, the United States preserves its sovereign immunity, and the district court lacks jurisdiction to adjudicate the case." *Hunter v. United States*, 825 F. App'x 699, 701 (11th Cir. 2020).  "The FTCA did not waive sovereign immunity from liability for damages arising from an alleged constitutional violation." *Caldwell v. Klinker*, 646 F. App'x 842, 847 (11th Cir. 2016) (citing *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994)).

Count one of the Plaintiff's complaint, subtitled "Eighth Amendment" sets out a claim under the Eighth Amendment against the United States and Golightly. [Doc. 1 at pp. 7-9].  The Plaintiff invokes the Eighth Amendment's right against cruel and unusual punishment as the basis for the count against both defendants. [*Id*. at p. 8].  Specifically, the Plaintiff alleges that "[p]rison conditions created and maintained by Defendants constitute an assessment of an additional and unreasonable punishment against the Plaintiff." [*Id*. at p. 8].  Clearly, count one is a constitutional tort claim as the Plaintiff seeks relief solely under the Eighth Amendment.

While the Plaintiff might proceed with a constitutional tort claim against an Golighty under *Bivens*, count one must be dismissed against the United States because it is not a cognizable claim under the FTCA.  *Trupei v. U.S. Dep't of Just.*,

16

239 F. App'x 489, 493 (11th Cir. 2007) (citing *McCollum v. Bolger*, 794 F.2d 602,

608 (11th Cir. 1986)).  "[F]ederal constitutional torts are not within the scope of

the FTCA and the United States is not liable for damages under the FTCA for suits

arising out of constitutional violations."  *Id*.  (citing *McCollum*, 794 F.2d at 608).

"Congress did not create the FTCA to address constitutional violations at all

but, rather, to address violations of state tort law committed by federal

employees[.]"  *Shivers v. United States*, 1 F.4th 924, 930 (11th Cir. 2021)

(emphasis added in original).  "By definition, constitutional torts are not based on

state law."  *McCollum*, 794 F.2d at 608 (11th Cir. 1986).  This Court does not have

subject matter jurisdiction over the Plaintiff's Eighth Amendment claim against the

United States, which is immune from constitutional tort claims such as the one set

out in count one.  As such, count one must be dismissed against the United States.

> ## ii.   The claims in count one based on the improperly filed first tort claim dated May 14, 2020 are barred by the statute of limitations.

"It is well established that the FTCA is a specific waiver of the sovereign

immunity of the United States and must be strictly construed."  *Phillips v. United

States*, 260 F.3d 1316, 1318 (11th Cir. 2001) (citing *United States v. Kubrick*, 444

U.S. 111, 117-18 (1979)).  "By enacting the FTCA time limitation period, 28

U.S.C. § 2401(b), the United States has placed a condition on that waiver."

*Phillips v. United States*, 260 F.3d 1316, 1318 (11th Cir. 2001).  Indeed,

"limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981)). Under Section 28 U.S.C. § 2401(b),

> [a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

"An agency's failure to make a final disposition of a claim within six months of the filing date, is deemed a denial for these purposes." *Keahl v. Appiah*, 2014 WL 4248139, at *2 (N.D. Fla. Aug. 27, 2014) (citing 28 U.S.C. § 2675(a) (providing that "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.").

"A federal court does not have jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency within two years from the time the claim accrues accompanied by a claim for money damages in a sum certain." *Turner ex rel. Turner*, 514 F.3d at 1200 (internal citations and ellipses omitted) (quoting *Dalrymple,* 460 F.3d at 1324 citing 28 U.S.C. §§ 2675, 2401(b); 28 C.F.R. § 14.2(a)).

In the subject complaint, the Plaintiff alleges that "[o]n or about May 14, 2020, Plaintiff timely submitted a claim to the Federal Bureau of Prisons of the

18

United States Department of Justice for injuries and damages arising from the incidents and injuries alleged herein." [Doc. 1 at p. 3]. Therefore, the Plaintiff relies on her first tort claim with the unsigned affidavit mailed to BOP's Director and Legal Counsel Division in Washington D.C. on May 14, 2020, to demonstrate that she timely filed her administrative tort claim before seeking redress in this Court. [Exhibit 1]. The Plaintiff is incorrect because her first tort claim was not timely because it was filed more than two years after her claim accrued.

According to the first tort claim filed by the Plaintiff, the alleged tortious conduct occurred in May 2017 at FCI Marianna. As such, the Plaintiff's tort claim accrued in May 2017. Even assuming that the Plaintiff's first tort claim was filed on May 14, 2020, when it was mailed to the BOP director, it was untimely because the alleged tortious conduct occurred in May 2017. The Plaintiff did not file her first tort claim with BOP within two years of the date the injury in question was alleged to have occurred; thus, the district court lacks jurisdiction to consider the claim.

The Plaintiff alleges that she "otherwise exhausted her administrative remedies under the Prisoner Litigation Reform Act by submitting a BP9 and BP10 in 2021, which is timely under the Prison Rape Reform Act." [Doc. 1 at p. 3]. The United States presumes that Plaintiff intended to reference the Prison Litigation Reform Act (PLRA). The administrative remedy program is not the proper vehicle

for seeking monetary damages under the FTCA. *Cotten v. Bureau of Prisons*, 2020 WL 907583, at *6 (N.D. Fla. Jan. 22, 2020), *report and recommendation adopted*, 2020 WL 905538 (N.D. Fla. Feb. 25, 2020); see also *Smith v. U.S. Dep't of Just*., at *2 (N.D. Fla. Oct. 11, 2012), *report and recommendation adopted*, 2012 WL 5591412 (N.D. Fla. Nov. 15, 2012) ("there are separate procedures for exhausting tort claims and claims involving the conditions of confinement.").

Regardless, "exhaustion means proper exhaustion, *i.e*., under the terms of and according to the time set by BOP regulations." *Lambert v. United States*, 198 F. App'x 835, 840 (11th Cir. 2006) (citing *Woodford v. Ngo,* 548 U.S. 81 (2006)). Notwithstanding the improper vehicle for proceeding with an administrative tort claim, the administrative remedy request is likewise untimely just the same as her first tort claim.  The allegations contained in the administrative remedy request are the same allegations stated in the first tort claim and both contain the same affidavit allegations.  [*Compare* Exhibit 1 with Exhibit 2].  Even if the Court construes her request for an administrative remedy as a valid tort claim, her claim was untimely.  The request for an administrative remedy was received by BOP on January 15, 2021, which is well past the two-year statute of limitations.

"[A] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." *Martinez v. Minnis*, 257 F. App'x 261, 264 (11th Cir. 2007)

20

(citing 28 U.S.C. § 2401(b); B*urgess v. United States*, 744 F.2d 771, 773 (11th Cir.
1984)).  Accordingly, the Plaintiff's first tort claim was not timely presented in
writing to the appropriate agency within two years after her claim accrued, which
was in May 2017.

> ### iii.  This Court lacks jurisdiction to consider the claims based on the Plaintiff's second tort claim.

On June 7, 2021, while the subject complaint was pending, the Plaintiff
signed a second administrative tort claim, which repeated the same allegations
contained in her first tort claim.  [*See* Exhibit 3].  This second tort claim was
received by BOP on July 13, 2021.  [Exhibit 3].  While the second tort claim
essentially mirrors the allegations contained in the first tort claim, the two claims
demand a different amount of damages.  The first tort claim demands $5,900,000
in damages whereas the second tort claim demands $5,500,000 in damages.

Ultimately, on July 27, 2021, BOP denied the second tort claim because her
allegations of tortious conduct occurring in April to May 2017 were barred by the
two-year statute of limitations.  [Exhibit 3].  In addition to being untimely for the
same reasons stated in the previous section, to the extent that the second tort claim
is a new claim different from the first claim, this Court lacks jurisdiction to
consider the claim.

"Before instituting a federal suit, the claimant must wait either until the
administrative agency finally denies the claim or until at least six months have

passed after the claim was filed." *Turner ex rel. Turner*, 514 F.3d at 1200 (citing

28 U.S.C. § 2675(a)).  Here, the Plaintiff instituted the present federal suit on May

20, 2021.  This complaint was filed not only before BOP denied her second tort

claim, but before she even filed her second tort claim in the first instance.

Consequently, claims based on the second tort claim to the extent they are new

claims different than the first tort claim are premature and not properly before this

Court.  This Court lacks jurisdiction over prematurely filed suits.  *See McNeil v.*

*United States*, 508 U.S. 106 (1993); *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232,

1237 (11th Cir. 2002) (holding that the notice requirement of Section 2675 is

jurisdictional and cannot be waived); *Burchfield v. United States*, 168 F.3d 1252,

1254 (11th Cir. 1999) (holding that "[a] district court only has jurisdiction over an

FTCA action if the plaintiff has met [S]ection 2675(a)'s requirements")).

"A federal court may not exercise jurisdiction over a suit under

the FTCA unless the claimant first files an administrative claim with the

appropriate agency." *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994)

(citing 28 U.S.C. § 2675(a)).  To the extent that the Plaintiff may contend that the

second tort claim is an amendment to the first tort claim, the argument falls flat.

"After suit is filed, a claimant loses the ability to amend the SF-95." *Twin City*

*Fire Ins. Co. v. United States*, 2015 WL 6438410, at *2 (M.D. Fla. Oct. 21, 2015)

(citing 28 U.S.C. § 2675; 28 C.F.R. § 14.2(c)).  "Regardless of whether the

22

[Plaintiff's second tort claim] constitutes an amendment to the [first tort claim] or an independent claim, this Court lacks subject-matter jurisdiction." *Id.* "Post-filing exhaustion, regardless of its certainty or expedience, does not vest the Court with jurisdiction to hear a prematurely filed FTCA claim." *Id.* (citing *McNeil*, 508 U.S. at 113).

> iv.   **The remaining claims—raised for the first time in this Court— in count two based on the allegations contained in the third tort claim dated July 7, 2021, are premature and must be dismissed.**

Again "[a] federal court does not have jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency within two years from the time the claim accrues accompanied by a claim for money damages in a sum certain." *Turner ex rel. Turner*, 514 F.3d at 1200 (internal citations and ellipses omitted) (quoting *Dalrymple,* 460 F.3d at 1324 citing 28 U.S.C. §§ 2675, 2401(b); 28 C.F.R. § 14.2(a)). "The sum certain requirement of § 2675(a) serves a valuable purpose; it informs the government of the maximum amount of a claim, enabling the government to evaluate whether to settle a claim or proceed to trial." *Id.* (citing *Tidd v. United States*, 786 F.2d 1565, 1568 (11th Cir. 1986)). This is especially true when someone like the Plaintiff can be considered playing fast and loose with the administrative proceedings and federal court simultaneously. Certainly, the BOP cannot properly evaluate a moving target. Each of the three tort claims filed by the Plaintiff contains a

23

different sum certain.  The third tort claim, which was filed after the present lawsuit commenced, contained a damages demand of $10,000,000.  [Exhibit 4].

"Before instituting a federal suit, the claimant must wait either until the administrative agency finally denies the claim or until at least six months have passed after the claim was filed." *Turner ex rel. Turner*, 514 F.3d at 1200 (citing 28 U.S.C. § 2675(a)).  Here, the first tort claim was received by BOP's Litigation Branch on July 27, 2020.  As such, the six-month response clock began running on July 27, 2020, and would have ended on January 26, 2021.  Because no response or denial was issued by BOP by January 26, 2021, she was free to proceed in district court with her allegations based on the original tort claim.  She instituted the present federal suit on May 20, 2021, by filing the subject complaint.  Unlike the first tort claim, the second and third tort claims were filed *after* the present federal lawsuit was instituted.  Therefore, like the second tort claim, the third tort claim is premature and not properly before the Court.

Before instituting a federal suit, the claimant must wait either until the administrative agency finally denies the claim or until at least six months have passed after the claim was filed.  *Turner ex rel. Turner*, 514 F.3d at 1200 (citing 28 U.S.C. § 2675(a)).  Indeed, the district court lacks subject matter jurisdiction over prematurely filed suits because the FTCA bars plaintiffs from bringing suit in

federal court until they have exhausted their administrative remedies.  *Id*. (citing

*McNeil*, 508 U.S. at 113).

The Plaintiff's third tort claim dated July 7, 2021, which was filed *after* the

present complaint, has not been denied by the agency nor has it been six months

since it was presented to BOP.  In *McNeil v. United States*, the Supreme Court of

the United States held the following:

> The most natural reading of the statute indicates that Congress intended
> to require complete exhaustion of Executive remedies before
> invocation of the judicial process.  Every premature filing of an action
> under the FTCA imposes some burden on the judicial system and on
> the Department of Justice which must assume the defense of such
> actions.  Although the burden may be slight in an individual case, the
> statute governs the processing of a vast multitude of claims.  The
> interest in orderly administration of this body of litigation is best served
> by adherence to the straightforward statutory command.

*McNeil*, 508 U.S. at 112 (internal footnote omitted).

On July 7, 2021, for the first time at the administrative level, the Plaintiff

alleged in her third tort claim that Golightly engaged in sexual misconduct with her

beyond 2017.  Plaintiff also first made claims related to sexual harassment

occurring at FCI Tallahassee.  FCI Tallahassee is an entirely different BOP facility

than FCI Marianna.  Contrary to the Plaintiff's complaint, FCI Marianna is not in

Tallahassee, Florida.  FCI Marianna is in Marianna, Florida, and FCI Tallahassee

is in Tallahassee, Florida.

Certainly, allegations related to an entirely different facility and a tort claim demanding damages that are essentially double the amount of damages claimed in the first two tort claims constitutes a new, separate claim. "For an agency to be able to initiate an investigation into a tort claim it must be apprised of the location and approximate date of the incident." *Burchfield v. United States*, 168 F.3d 1252, 1257 (11th Cir. 1999) (quoting *Tidd v. United States*, 786 F.2d 1565, 1568 (11th Cir. 1986)). For example, "essential aspects" of an alleged assault includes "the approximate date and location of the incident, the name of the alleged assaulting officer, and the surrounding circumstances." *West v. Peoples*, 589 F. App'x 923, 927 (11th Cir. 2014) (citing *Burchfield*, 168 F.3d at 1256)). Sufficient information must be provided to enable the BOP to investigation the claim. *Id*.

The Plaintiff's third tort claim vaguely describes misconduct occurring in a different year than the first two tort claims and request for an administrative remedy. The third tort claim also includes allegations of sexual misconduct occurring at a different BOP facility. Thus, the third tort claim appears to be a new claim to the extent it includes additional allegations of sexual misconduct. To the extent that the Plaintiff might claim that the third tort claim is an amendment to her first and second tort claims, the argument is without merit as explained in the previous section. *See Twin City Fire Ins. Co. v. United States*, 2015 WL 6438410, at *2 (M.D. Fla. Oct. 21, 2015).

"Under *McNeil,* the FTCA requires 'complete exhaustion' of administrative remedies 'before invocation of the judicial process,' without exception." *Vasquez v. United States*, 2014 WL 7385466, at *2 (M.D. Fla. Dec. 29, 2014) (quoting *McNeil*, 508 U.S. at 112-13). "Post-filing exhaustion, regardless of its certainty or expedience, does not vest the Court with jurisdiction to hear a prematurely filed FTCA claim." *Id*. (citing *McNeil*, 508 U.S. at 113).

The Plaintiff cannot show complete exhaustion in her complaint. Indeed, it would be impossible for the Plaintiff to reference the second or third tort claims in her complaint, which had not been filed at the time she commenced the present lawsuit. The Plaintiff's own admission in her third tort claim defeats any suggestion that she had exhausted her administrative remedies before hauling the United States into Federal court. To be sure, in the Plaintiff's third tort claim, she states that that there is a "pending case in US District Courts." [Exhibit 4 at p. 1].

Because the Plaintiff's claims based on her third tort claim are prematurely before this Court, count two must be dismissed for failure to exhaust administrative remedies to the extent she attempts to bootstrap her most recent tort claim into the present lawsuit. Exhaustion is a jurisdictional prerequisite to her suit under the FTCA. Accordingly, this Court must dismiss the remaining allegations of count two for lack of subject matter jurisdiction.

III.   **CONCLUSION**

The Plaintiff attempts to confound the administrative and judicial procedures to advance shifting allegations against the United States.  For the reasons stated above, the United States requests that the Plaintiff's complaint be dismissed for lack of subject matter jurisdiction.

Respectfully submitted,

SEAN P. COSTELLO
UNITED STATES ATTORNEY

By: */s/ Keith A. Jones*
    Keith A. Jones
    Special Attorney to the United States
      Attorney General
    Assistant United States Attorney
    Southern District of Alabama
    63 South Royal Street, Suite 600
    Mobile, Alabama 36602
    Telephone:  251-415-7206
    Email:  keith.jones2@usdoj.gov
    *Attorney for United States of America*

    *Acting Under Authority Conferred*
    *by 28 U.S.C. § 515*


By: /s/ Justin D. Kopf
    Justin D. Kopf
    Special Attorney to the United States
      Attorney General
    Assistant United States Attorney
    Southern District of Alabama
    63 South Royal Street, Suite 600
    Mobile, Alabama 36602
    Telephone:  251-441-5845

Email:  justin.kopf@usdoj.gov
*Attorney for United States of America*

*Acting Under Authority Conferred*
*by 28 U.S.C. § 515*

## **LOCAL RULE 7.1(F) CERTIFICATION**

I HEREBY CERTIFY that this motion contains 6,807 words.

## **LOCAL RULE 5.1(F) CERTIFICATION**

I HEREBY CERTIFY that a copy of the foregoing has been furnished via CM/ECF, email and/or certified mail to all parties that have appeared, this 1st day of November, 2021.